## THE TOWN OF ANAMOSA v. WURZBACHER.

**Injunction:** OF JUDGMENT AND EXECUTION. By agreement between the parties, a judgment was to be paid within a certain time. The judgment creditor before the expiration thereof issued execution. *Held,* that the judgment debtor could not enjoin proceedings under the execution, without first offering to pay the judgment in accordance with the terms of the agreement.

*Appeal from Jones District Court.*

FRIDAY, JUNE 20.

On the 24th of October, 1871, plaintiff filed a petition stating in substance that, wishing to widen a certain street in said

town, and for that purpose to take certain land owned by defendant Wurzbacher, the plaintiff and defendant entered into an agreement to submit certain differences respecting the same to arbitration.    That said agreement provided that judgment should be rendered upon the award in the circuit court of said county, and that said judgment should be paid by a town order to be issued by plaintiff, within thirty days after the rendition of said judgment, and that if said judgment was not so paid within said thirty days, then the said judgment should be deemed abandoned.    That on August 26, 1871, the arbitrators awarded defendant $375 as his damages, upon which award judgment was rendered on the 6th day of September, 1871.    That on the 26th day of September, 1871, and before the expiration of said thirty days, defendant, in violation of his written agreement, caused an execution to issue on said judgment against said town, and that the sheriff had levied upon certain property of the town, and unless restrained would sell the same.    The petition further alleges that plaintiff had in no way appropriated said real estate ; that at the expiration of the thirty days, plaintiff had elected not to pay said judgment, and had refused to use, take or appropriate said real estate, and prays that on final hearing said judgment be cancelled, and that defendant be perpetually enjoined from in any manner attempting to collect said judgment or any part thereof.

The answer sets up that the following clause in the agreement to arbitrate, to wit: "And we further mutually agree that, if damages are awarded, the Town of Anamosa shall pay the judgment by town order, within thirty days after judgment on such award is rendered, or said judgment shall be deemed to be abandoned," was inserted by mistake, and does not express the agreement of the parties.    That it was agreed that the award should be binding, final and conclusive, and that plaintiff should pay whatever sum might be awarded.    That immediately after the award defendant at great expense proceeded to move his house, fences, etc., and that plaintiff took possession of and appropriated the land of defendant before the

Robinson v. Allen.

expiration of the thirty days, and that before issuing execution defendant demanded a town order, which plaintiff refused to deliver. The cause was referred to T. C. McKean, who reported the facts and legal conclusions.

This report was affirmed by the district court and the plaintiff's bill was dismissed. Plaintiff appeals.

*Sheean & McCarn* for the appellant.

*Milton Rumly* for the appellee.

DAY, J. — Counsel have agreed that the evidence establishes the fact found by the referee, "That the clause, in the agreement of submission, providing that if the judgment is not paid within thirty days, it shall be deemed abandoned, does not express the agreement of the parties, and was inserted by accident, and was not part of the agreement." With this concession, every other fact claimed by appellant may be admitted, and still plaintiff is not entitled to the relief asked.

The case amounts to no more than this. It was agreed that the judgment should be paid in a town order within thirty days. Before the expiration of that time defendant caused execution to issue. Plaintiff made no tender of the order within the thirty days agreed upon; but on the 24th day of October, forty-eight days after the rendition of judgment, and eighteen days after the expiration of the time for paying in the town order, without any offer of performance on its part, instituted this proceeding for injunction. Under such circumstances plaintiff has no standing in a court of equity. He who asks equity must do equity.

Affirmed.